**UNITED STATES of America,**
**Appellee,**

v.

**Dennis William RATHBURN and Jack Rex Pigman, Appellants.**

**Nos. 680, 681, Dockets 32301, 32302.**

United States Court of Appeals
Second Circuit.

Argued June 24, 1969.

Decided Aug. 21, 1969.

L. John Cain, Burlington, Vt., for appellant Rathburn.

Robert H. Erdmann, Burlington, Vt., for appellant Pigman.

George W. F. Cook, U. S. Atty., for Dist. of Vermont (Stuart F. Johnson, Asst. U. S. Atty., on the brief), for appellee.

Before HAYS and FEINBERG, Circuit Judges, and JAMESON, District Judge.*

HAYS, Circuit Judge:

Dennis William Rathburn and Jack Rex Pigman appeal from judgments of the United States District Court for the District of Vermont convicting them,

* Senior District Judge of the District of Montana, sitting by designation.

upon a jury trial, on one count of causing a falsely made and forged security to be transported in interstate commerce, in violation of 18 U.S.C. § 2314 (1964), as amended, 18 U.S.C. § 2314 (Supp. IV 1965–68), and on one count of conspiring to violate Section 2314, in violation of 18 U.S.C. § 371 (1964). The convictions of their codefendants are not contested on this appeal.

The count charging the violation of Section 2314 alleged that defendants made purchases in Burlington, Vermont with a falsely made and forged Travelers Express money order drawn on a California bank, thereby causing the money order to pass in interstate commerce. The conspiracy count alleged various instances in which falsely made and forged Travelers Express money orders, drawn on the California bank, had been presented at stores in Vermont in return for goods and money.

The indictment also contained a third count charging appellants with possessing a sawed-off shotgun which had not been registered with the Secretary of the Treasury, in violation of 26 U.S.C. §§ 5841, 5851 (1964). Appellants were convicted on this count but the count was subsequently dismissed upon the authority of Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968)

 Appellants' main contention is that they were prejudiced by the presentation at trial, over objection, of numerous guns, of testimony relating to the guns and of testimony concerning two robberies. They argue that the atmosphere thus created was inappropriate to the charges of causing and conspiring to cause forged securities to pass in interstate commerce.

During oral argument it was alleged that a number of guns were produced, though not marked in evidence, and were left on a table in view of the jury throughout the trial. While this may have happened, it does not appear that any objection was made to the exhibition of the guns and an examination of the

record fails to find support for the contention that there was, in fact, such an exhibition.

It appears that three guns were admitted into evidence as "fruits" of the crime, i. e., as having been purchased in Vermont with the forged securities stolen from a store in Oregon. This evidence was admissible as tending to establish the conspiracy charged and as showing the interstate character of defendants' crime. See United States v. Johnson, 254 F.2d 175 (2d Cir.), cert. dismissed, 357 U.S. 933, 78 S.Ct. 1378, 2 L.Ed.2d 1369 (1958).

The testimony concerning the thefts of the money orders was relevant in proving that they were subsequently falsely made and forged.

Affirmed.